UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL TURNER, | ) | CASE NO. 1:19CV214 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| DIRECTOR, OHIO DEPARTMENT | ) | MEMORANDUM OPINION |
| OF REHABILITATION AND | ) | AND ORDER |
| CORRECTIONS, | ) | |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

Petitioner Michael D. Turner has filed this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, apparently challenging the constitutionality of his sentences in two 1982 state-court cases (Cuyahoga Cty. Ct. Common Pleas Case Nos. CR-82-173937, CR-82-172991). (Doc. 1.)

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). In addition, a petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254(b).

It is evident on the face of the Petition that Turner still has not exhausted his state-court remedies. He states that he has a post-judgment motion pending in the trial court. (Doc. 1 at 5-6.) And even if that motion were not still pending, but was denied, Turner still would have to appeal that judgment through the state's ordinary appellate review process before he could raise

it in a federal habeas action. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Thus, regardless of the potential merits of his claims, on which this Court expresses no opinion, the Petition must be dismissed for failure to exhaust state-court remedies.[1]

Accordingly, this action is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability, Fed. R. App. P. 22(b); 28 U.S.C. § 2253.

**IT IS SO ORDERED.**

                              **s/ Christopher A. Boyko**
                              **CHRISTOPHER A. BOYKO**
                              **United States District Judge**

**Dated:** February 8, 2019

---

[1] Turner filed a previous habeas Petition in this Court in 2016, also appearing to attack his sentences in the same state-court cases. (*See* Case No. 1:16 CV 2185). The Court dismissed that Petition as well because Turner had not exhausted his state-court remedies. (*See* Case No. 1:16 CV 2185, Doc. 4.)